# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0068V

| | |
|---|---|
| MARY ROSS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 26, 2022 |

## ORDER - SPECIAL PROCESSING UNIT[1]

On October 24, 2022, Respondent filed a motion seeking an extension of time, until December 2, 2022, to respond to Petitioner's pending motion for a ruling on the record (ECF No. 44). On the same date, Petitioner filed a response in opposition (ECF No. 45).

This case was initiated nearly two years ago, on January 5, 2021, and was activated out of Pre-Assignment Review ("PAR") into the Special Processing Unit (the "SPU") on October 18, 2021. As is well understood, cases that are believed to be likely to settle (given that they either assert a Table claim or do not appear overly complex) are assigned to SPU.

On November 8, 2021, I issued an order setting forth the "one year" rule I have promulgated for SPU cases (ECF No. 25). In that order, I explained that while I understand that Respondent requires some time to evaluate new petitions, that time period cannot be unlimited. Cases should not remain in SPU for more than a year from the time they complete the PAR process, since otherwise the entire purpose of SPU is defeated. I thus ordered Respondent to perform an informal assessment of the case – independent of whether formal HHS review of the claim had been completed.

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

On December 20, 2021, Respondent filed a status report providing counsel's informal assessment (ECF No. 27). Respondent stated that he had reviewed the records and requested that Petitioner file additional medical records. Respondent also affirmatively represented that he had not identified legal or factual issues that required additional support or development, and that the case did not appear to involve significant medical issues beyond what is normally addressed in SPU. Respondent anticipated, however, that the medical review would take at least six months (meaning completed by June 2022).

Thereafter, Petitioner filed additional medical records, as well as responses indicating that there were no records for some providers. Petitioner also served a demand on February 26, 2022 (ECF No. 35).

Since that time, however, Respondent has continued to request additional time to determine his position in this case, despite the one year rule (ECF Nos. 38, 39, 41). Respondent explained:

> While regrettable, additional time is required because the Program has been inundated with an extraordinary number of petitions far beyond its capacity to review and process claims. More petitions have been filed in the past five years than at any other period in the Program's history, including when the Program was first created . . . . Beginning with Fiscal Year (FY) 2016 to the present, the Program has received more than 7,000 petitions, as compared to the five-year period between FY 1988-1992 when approximately 4,500 petitions were filed after the Program was first established, and the five-year period between FY 2002-2006, when approximately 5,800 petitions were filed . . . . Yet, and most significantly, unlike the prior periods of high case filings, where the proceedings in individual cases were stayed to manage and limit the number of active cases to match available resources, or were resolved through a small number of test cases, the Court is requiring that all petitions be handled individually, case by case, as filed. This approach is unprecedented, and it is simply impossible to review and process this magnitude of cases under ordinary time constraints. The pace of individual adjudications far exceeds that of any other time in Program history, and respondent relentlessly continues efforts to resolve cases as quickly as possible, largely through settlement and proffers. However, due to the high volume of petitions currently pending in the Program (approximately 4,000), budgetary constraints, and restrictions on hiring, the government lacks sufficient resources to review each individual pending case under the same timeframe as it has in the past. For these reasons, unfortunately, respondent has not yet been able to review the evidence.

Respondent's Status Report, filed May 16, 2022 (ECF No. 38).

On August 15, 2022, I directed Respondent to indicate his position by October 18, 2022 – *one year* after the case was activated – and stated that if he did not do so, I would allow Petitioner to file a motion for a ruling on the record. Scheduling Order (non PDF), issued Aug. 15, 2022. This is the practice that has been adopted in SPU cases to address just this situation: where Respondent is simply not acting with any obvious or demonstrated diligence in working to resolve a case.

On October 11, 2022, Respondent filed a status report stating that the case had (still) not yet undergone medical review, and now requesting until December 11, 2022 to file a status report indicating his position (ECF No. 41). On the same date, Petitioner filed a status report in response (ECF No. 42). Petitioner noted that Respondent had been directed to indicate his position by October 18th, and Respondent's October 11th status report did not do so. Petitioner stated that she planned to file a motion for a ruling on the record on October 18, 2022 (and she did so two days after that date, on October 20th) (ECF No. 43).

On October 24, 2022, Respondent moved for an extension of time, until December 2nd, to respond to Petitioner's motion for a ruling on the record. (ECF No. 44). Respondent stated that the case was recently assigned to a medical reviewer, but that the review was unlikely to be complete by the current deadline of November 3rd to respond to the motion for a ruling on the record.

On the same day, Petitioner filed a response in opposition (ECF No. 45). Petitioner argued that Respondent's request for additional time frustrates the purpose of the SPU to expeditiously process and resolve cases. Petitioner asserted that Respondent had already been afforded "more than a year to review what amounts to under 425 pages of medical records." Pet. Opp. Petitioner asserted that if she requested a year, "the Respondent and Court would laugh. The next day, I would receive an order to show cause why the case should not be dismissed . . . . Why are the standards different for the government?" *Id.*

To date, *over a year* after the case was activated, and *nearly two years* after its filing, Respondent has not indicated how he intends to proceed in this case. This is unacceptable. Moreover, Respondent's delay is not justified by the crush of filings that the Program almost perennially experiences. *See Stoliker v. Sec'y of Health & Human Servs.*, No. 17-990V, 2018 WL 6718629 (Fed. Cl. Spec. Mstr. Nov. 9, 2018) (fact ruling noting that Respondent repeatedly requested additional time to determine how he intended to proceed "citing high case volume, budget constraints, and hiring restrictions").

I also note that this is not the first time that Respondent has asserted that he has insufficient resources to meet deadlines in the Vaccine Program. In *Morris v. Sec'y of Health & Human Servs.*, 20 Cl. Ct. 14 (1990), Respondent moved to suspend proceedings, asserting that the confluence of case processing time requirements and litigation modes had "overwhelmed our attorneys and place[d] them and HHS medical professionals in a position from which they are unable to make any meaningful contribution to a just resolution of the cases." *Morris*, 20 Cl. Ct. at 16. But the motion was denied. Even if Respondent's position warranted some sympathy, "the government's lack of resources cannot be allowed to penalize petitioners." *Id.* at 17. Ultimately, a decision finding Petitioners entitled to compensation was entered in that case, apparently with minimal participation on Respondent's part. *Id.*

I will not permit the goals of SPU (which are consistent with the overall goals of the Vaccine Program: to provide swift and efficient resolution of Vaccine Act claims) to be subverted by endless delay – especially where, as here, Respondent has received ample opportunities to act.

**Accordingly:**

- **Respondent's motion for additional time to respond is granted in part and denied in part. Respondent's response to the pending motion shall be due on or before <u>Wednesday, November 09, 2022</u>.**

- **Redactions are due by <u>Wednesday, November 09, 2022</u>.**

Any questions about this order or about this case generally may be directed to OSM staff attorney **Eileen Vachher at (202) 357-6388 or Eileen_Vachher@cfc.uscourts.gov.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master